SUTTON *et al.* v. CAMPBELL, appellant.

*Sale of personal property — delivery.*

Defendant agreed to manufacture and deliver to plaintiffs two printing presses, and take in part payment therefor an old press. One of the presses was delivered, and the amount due for both, after deducting the value of the old press, paid. The old press was not delivered to defendant, although plaintiffs were ready and willing to deliver it. *Held*, that the title to the new press, undelivered, had not vested in plaintiffs so as to entitle them to maintain an action against defendant for its possession.

APPEAL from a judgment for $5,000 in favor of plaintiff; entered upon the verdict of a jury at the Kings county circuit, and from an order denying a motion for a new trial.

The action was brought by the plaintiffs, James Sutton and

Lindley M. Franklin, to obtain the possession of a printing press of the value of $5,000. In March, 1871, plaintiffs and defendant, Andrew Campbell, made a verbal agreement for the manufacture, by defendant, of two printing presses at the price of $10,000. Defendant was to accept in payment an old press, and the balance was to be paid in cash. At the time, an order was given in writing. Subsequently, in May of the same year, another conversation was had between the parties, at which time a bill was made out, in substance as follows:

"James Sutton & Co. to A. Campbell, Dr.: May 13, to one No. 2 combination press, to be delivered by the 21st inst., $5,000; also, one No. 2 combination, to be delivered in August, $5,000 — $10,000."

There was credited upon this bill $2,500 under date of May 13, which sum was paid on that day. On the 17th of June $2,500 more was paid upon the bill.

It was agreed that the defendant should advertise in the *Aldine*, a newspaper published by plaintiffs, to the extent of $2,000, and should take in payment of the remainder an old printing press belonging to plaintiffs.

The first of the presses was finished and delivered to the plaintiffs; the second was finished and, with consent of plaintiffs, put on exhibition at the American Institute fair, in the fall of 1871, by defendant. The old press was never delivered to defendant. Plaintiffs, after demanding the press ordered, brought this action therefor, alleging the publication of the advertisement of defendant in the *Aldine*, and their readiness to deliver the old press to defendant.

*James W. Culver*, for appellant.

*Robert Sewell*, for respondents.

BARNARD, P. J. The appellant presents in his argument of this appeal but one question. The action was one for the delivery of personal property by defendant to plaintiffs. Defendant had made a printing press for plaintiffs. Evidence was given that the defendant had been paid in full all the cash he was to receive, and that there only remained an old press, which defendant was to take of plaintiffs, in full for the balance of the contract price. The court charged the jury that if the full contract price was paid, so far as it could be paid up to the time when the machine was to be delivered, then it was entirely immaterial whether there was an actual

delivery of the press or not; that, as between the parties, a delivery was not necessary to vest the title in the plaintiffs.

I think this proposition cannot be sustained under *Andrews* v. *Durant*, 11 N. Y. 35. That case lays down the rule, after an extensive examination of the cases, that, under a contract to build a vessel or other thing, no title vests in the party for whom it is agreed to be built until it is finished and delivered, or at least ready for delivery, and approved by such party.

The case of *Macklin* v. *Mangles*, 1 Taunt. 318, which is cited with approval by both of the learned judges who write the opinions in the court of appeals, holds that a completed barge, all paid for, and with the name of the person for whom it was built painted on the stern, but which had not been delivered, belonged to the builder.

The judgment should be reversed and a new trial granted, costs to abide event.

*Judgment accordingly.*